IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00714-LTB

OSMAN N. OZSUSAMLAR

    Plaintiff,

v.

[NO DEFENDANTS NAMED],

    Defendant(s).

## ORDER VACATING DISMISSAL

This matter is before the Court ***sue sponte***.  Plaintiff, Osman N. Ozsusamlar, a federal prisoner currently incarcerated at the United States Penitentiary in Atwater, California, initiated an action in the United States District Court for the Southern District of New York.  After determining that Plaintiff's allegations against prison officials at USP-Florence, Colorado, were more properly addressed by the United States District Court for the District of Colorado, the District Court for the Southern District of New York entered a Transfer Order that transferred the civil action to this Court.

Mr. Ozsusamlar submitted a letter complaining about his conditions of confinement at USP-Florence, Colorado, along with a second letter with attachments to support his claims.  On March 22, 2012, Magistrate Judge Boyd N. Boland issued an order directing the Plaintiff to cure certain deficiencies in this action within thirty (30) days.  The March 22 Order instructed Plaintiff to submit a Prisoner Complaint, a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, and a certified copy of his prisoner's trust fund account statement for the six-month period

preceding his filing.  Magistrate Judge Boland advised Mr. Ozsusamlar that he could elect to pay the $350.00 filing fee instead of filing an *in forma pauperis* motion.  The March 22 Order further advised Mr. Ozsusamlar that if he failed to cure the designated deficiencies by the court-ordered deadline, the action would be dismissed without prejudice, and without further notice.

In a letter dated April 12, 2012, Mr. Ozsusamlar requested an extension of time to comply with the Court's March 22 Order and advised the Court that he had been transferred to USP-Atwater, California.  *See* Doc. No. 4.  He further asked the Court to mail him copies of the court-approved Prisoner Complaint form and Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  *Id.*  By minute order entered April 23, 2012, Magistrate Judge Boland granted Plaintiff until May 23, 2012, to comply with the March 22 Order.  *See* Doc. No. 5.  Magistrate Judge Boland further directed the Clerk of the Court to mail the requested forms to Plaintiff.  *Id.*

On May 30, 2012, the Court dismissed the instant action without prejudice on the basis that Mr. Ozsusamlar failed to file a Complaint and § 1915 Motion and Affidavit on the court-approved forms.   Judgment also entered on May 30, 2012.

However, it has now come to the Court's attention that on May 29, 2012, while the Order of Dismissal was being processed, Mr. Ozsusamlar submitted a Prisoner Complaint and a Prisoner's Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  Therefore, the Court finds that this case was erroneously dismissed.  Accordingly, it is

ORDERED that the Order of Dismissal and Judgment entered on May 30, 2012, are vacated because Plaintiff, Ozsusamlar, complied substantially with the March 22 Order to Cure Deficiency.   Plaintiff must still provide the Court with a copy of his trust

fund account statement certified by the appropriate official at his institution within thirty (30) days.  Because this is a civil rights action, Plaintiff may, in the alternative, pay the applicable $350.00 filing fee.[1]   It is

FURTHER ORDERED that the Clerk of the Court shall reopen this case and return it to the *pro se* docket.

DATED at Denver, Colorado, this  5th  day of     June         , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court

---

[1] The Court notes that the March 22, 2012 Order to Cure Deficiency mistakenly advises the Plaintiff that the filing fee is $5.00.  The filing fee for a civil rights action is $350.00.