IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00714-BNB

OSMAN N. OZSUSAMLAR

      Plaintiff,

v.

BLAKE DAVIS, Warden USP-ADX Florence, CO,
CHARLES DANIEL, Warden, USP-High Florence, CO, and
CAMERON LINDSAY, MDC-Brooklyn, NY.,

      Defendant(s).

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Osman N. Ozsusamlar, a federal prisoner currently incarcerated at the

United States Penitentiary in Atwater, California, initiated an action in the United States

District Court for the Southern District of New York.  Upon determining that Plaintiff's

allegations against prison officials at USP-Florence, Colorado, were more properly

addressed by the United States District Court for the District of Colorado, the District

Court for the Southern District of New York entered a Transfer Order that transferred

the civil action to this Court.  Mr. Ozsusamlar filed a Complaint in this action on May 29,

2012 (ECF Nos. 15 and 16).  He asserts claims against the Defendants for violation of

his constitutional rights pursuant to 28 U.S.C. § 1331 and ***Bivens v. Six Unknown***

***Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971).

The Court construes the Complaint liberally because Plaintiff is not represented

by an attorney.  ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellman***,

935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an

advocate for *pro se* litigants.  ***See Hall***, 935 F.2d at 1110.  The Court has reviewed the

Complaint and has determined that it is deficient.  Plaintiff therefore will be directed to

file an amended complaint for the reasons discussed below.

In the Complaint, Mr. Ozsusamlar asserts in his first claim that the Defendants

violated several federal criminal statutes when they placed a wiretap on a jailhouse

informant and recorded a conversation between the informant and Plaintiff's father that

was used as evidence in Plaintiff's criminal case.  Plaintiff further alleges that in 2007,

while he was detained at MDC-Brooklyn, he received a disciplinary conviction for

defiance after he reported to a federal district judge that prison officials threatened him

with retaliatory action if he did not become a government informant.  Plaintiff states that

he was placed in administrative segregation and was denied his property.  Thereafter,

Mr. Ozsusamlar was transferred to ADX-Florence, Colorado and housed in a terrorist

unit.  At some point, he was placed on Special Administrative Measures (SAMs)[1] which

continued during his incarceration at USP-Florence.  Pursuant to the SAMs, Plaintiff

was housed in a segregation unit and was not allowed to receive or send personal or

legal mail.  Mr. Ozsusamlar further alleges that prison officials at ADX-Florence and/or

USP-Florence denied him medications and refused to treat his tuberculosis. Plaintiff

seeks monetary and injunctive relief.

The Complaint is deficient because Mr. Ozsusamlar asserts in his first claim that

the Defendants violated several federal criminal statutes.  However, those statutes do

---

[1]SAMs may be imposed as "reasonably necessary to protect persons against the risk of death or serious bodily injury." 28 C.F.R. § 501.3(a). With the Attorney General's approval, each SAM may be imposed for up to one year. § 501.3(c). They may be extended in one-year increments, and modified from year to year. *Id.* The inmate must be provided with written notification of the restrictions imposed and the basis for these restrictions. § 501.3(b).

not provide him with a private cause of action for damages.  ***See, e.g., Newcomb v. Ingle***, 827 F.2d 675, 676 n. 1 (10th Cir.1987) (recognizing that 18 U.S.C. § 241 is a criminal statute which does not provide for a private civil cause of action); ***see also Winslow v. Romer***, 759 F. Supp. 670, 673 (D. Colo. 1991) ("Private citizens generally have no standing to institute federal criminal proceedings.").   Accordingly, Plaintiff may not maintain a claim against the Defendants for violation of federal criminal statutes.

Next, this Court is not the proper venue to adjudicate Mr. Ozsusamlar's claims against Defendant Lindsay, the warden at MDC-Brooklyn, New York.  Defendant Lindsay resides outside the State of Colorado and the alleged unconstitutional conduct involving this Defendant occurred outside of Colorado.  Under 28 U.S.C. § 1391, paragraph (b) states:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Therefore, the claim is not properly before this Court and is subject to *sua sponte* dismissal.  ***See Trujillo v. Williams***, 465 F.3d 1210, 1217 (10th Cir. 2006). Alternatively, the Court may exercise its discretion to cure jurisdictional and venue defects by transferring claims to a district where venue is proper, if such a transfer is in the interest of justice.  ***Id.*** at 1222-23 (citing 28 U.S.C. §§ 1406(a) and 1631).  The Court

3

declines to transfer the claims in lieu of dismissal because Plaintiff's allegations that he received a disciplinary conviction for defiance, which resulted in his placement in administrative segregation and the concomitant loss of personal property, do not show that he was subjected to an atypical and significant hardship in relation to the ordinary incidents of prison life.  *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). Furthermore, Plaintiff does not allege facts to show that the disciplinary conviction was obtained in violation of his procedural due process rights.  *See generally Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985). And, finally, the claim appears to be time-barred.  *See Appleby-El v. Catron*, No. 03-1413, 84 F. App'x. 9, 10 (10th Cir. Dec. 10, 2003); *Trujillo v. Simer*, 934 F. Supp 1217, 1226 (D. Colo.1996).  Accordingly, Plaintiff should not include any claims against Defendant Lindsay in the amended complaint that he will be directed to file.

Third, aside from the imposition of SAMs, Mr. Ozsusamlar's allegations generally fail to show that Defendants Davis and Daniel personally participated in the alleged deprivation of Plaintiff's constitutional rights.  Personal participation is an essential element of a *Bivens* action. *See Kite v. Kelley*, 546 F.2d 334, 338 (1976).  Plaintiff therefore must show that each named Defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  Furthermore, a supervisor is only liable for a constitutional violation that he or she has caused. *See Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010).  Accordingly, there must be an affirmative link between the alleged constitutional violation and each Defendant's

4

participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Richardson*, 614 F.3d at 1200-1201 ("[D]efendant-supervisors may be liable under § 1983 [or *Bivens*] where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy . . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).  Supervisors cannot be held liable merely because of their supervisory positions.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986);  *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  This is because "§ 1983 [and *Bivens*] do[ ] not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Finally, the Complaint is deficient because it is largely incomprehensible.  Mr. Ozsusamlar makes conclusory assertions throughout the Complaint that the Defendants have used his name through corruption to obtain money from the United States government, but does not explain these allegations coherently.  Further, the Complaint is replete with allegations that do not appear to relate to specific constitutional claims. In short, the Complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v.*

*American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The

requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV*

*Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo.

1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain

statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement

of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief

sought . . . ."  In order for Plaintiff to state a claim in federal court, his "complaint must

explain what each defendant did to him or her; when the defendant did it; how the

defendant's action harmed him or her; and, what specific legal right the plaintiff believes

the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158,

1163 (10th Cir. 2007).

Mr. Ozsusamlar fails to set forth a short and plain statement of his claims

showing that he is entitled to relief.  His allegations are difficult to discern and do not

provide enough information to inform the Court or the Defendants about the factual

basis of the claims.  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that

is permissible, if the complaint concisely states facts upon which relief can be granted

upon any legally sustainable basis." *Id.*  Accordingly, Plaintiff will be directed to file an

amended complaint that complies with the pleading requirements of Rule 8.  Plaintiff is

reminded that it is his responsibility to present his claims in a manageable format that

allows the Court and the defendants to know what claims are being asserted and to be

able to respond to those claims.  Accordingly, it is

6

ORDERED that Plaintiff, Osman N. Ozsusamlar, file **within thirty days from the date of this order,** an amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure and otherwise complies with the directives of this order.  It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Plaintiff fails to file an amended complaint as directed within the time allowed, the complaint and the action will be dismissed without prejudice without further notice.

DATED September 4, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge