IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00714-BNB

OSMAN N. OZSUSAMLAR

      Plaintiff,

v.

BLAKE DAVIS, Warden USP-ADX Florence, CO,
CHARLES DANIEL, Warden, USP-High Florence, CO, and
CAMERON LINDSAY, MDC-Brooklyn, NY.,

      Defendant(s).

---

ORDER DIRECTING PLAINTIFF TO FILE
**SECOND AND FINAL AMENDED COMPLAINT**

---

Plaintiff, Osman N. Ozsusamlar, a federal prisoner currently incarcerated at the United States Penitentiary in Atwater, California, initiated an action in the United States District Court for the Southern District of New York.   The Southern District of New York entered an order transferring the civil action to this Court after determining that Plaintiff's allegations against prison officials at USP-Florence, Colorado, were more properly addressed here.

On March 22, 2012, Magistrate Judge Boyd N. Boland directed Plaintiff to file a Complaint on the court-approved form.  Mr. Ozsusamlar thereafter sought and obtained an extension of time up to May 23, 2012, to file his Complaint.  On May 30, 2012, the Court dismissed this action because Plaintiff failed to file a Complaint by the Court-ordered deadline.  However, the dismissal order was vacated on June 5, 2012, after the Court determined that Plaintiff had filed a Complaint on May 29, 2012, while the Order

of Dismissal was being processed.  On June 26, 2012, the Court granted Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and directed him to pay an initial partial filing fee of $37.00.  Plaintiff paid the initial partial filing fee on August 27, 2012.

Mr. Ozsusamlar asserts claims against the Defendants for violation of his constitutional rights pursuant to 28 U.S.C. § 1331 and ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971).  On September 4, 2012, Magistrate Judge Boland reviewed the Complaint and found that it was deficient because it named an improper party, asserted violations of federal criminal statutes, failed to allege the personal participation of the Defendants in violations of Plaintiff's constitutional rights, and failed to comply with Rule 8 of the Federal Rules of Civil Procedure.  Accordingly, Magistrate Judge Boland ordered Plaintiff to file an amended complaint within thirty days of the September 4 Order.  After obtaining an extension of time, Mr. Ozsusamlar filed two amended complaints on November 8, 2012.

The Court construes the amended complaints liberally because Plaintiff is not represented by an attorney.  *See **Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellman***, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  ***See Hall***, 935 F.2d at 1110.  The Court has reviewed the amended complaints and has determined that they are deficient.  Mr. Ozsusamlar therefore will be directed to file a second and final amended complaint for the reasons discussed below.

The amended complaints contain some similar allegations and exhibits but are

2

not identical.  To comply with Fed. R. Civ. P. 8, a complaint must "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ."  In order for Plaintiff to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492  F.3d 1158, 1163 (10th Cir. 2007).

Mr. Ozsusamlar has presented his claims and supporting factual allegations in two separate pleadings.  Although some facts are alleged in both pleadings, the pleadings differ in other respects.  Furthermore, Plaintiff asserts seven claims for relief in one amended complaint and three claims for relief in the other, some of which overlap.  The Court is not required to read multiple amended complaints to determine whether Plaintiff has somewhere stated an arguable claim for relief against each Defendant.  The general rule that ***pro se*** pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." ***Garrett v. Selby Connor Maddux & Janer***, 425 F.3d 836, 840 (10th Cir. 2005).  It is Plaintiff's responsibility to present his claims in a manageable format that allows the Court and the Defendants to know what claims are being asserted and to be able to respond to those claims. **<u>Accordingly, Mr. Ozsusamlar must set forth his well-pleaded allegations in a single pleading, titled "Second and Final Amended Complaint," in conformance with the directives in</u>**

3

**the September 4 order and as set forth here.**

In addition, the amended complaints are deficient because Mr. Ozsusamlar continues to assert that Defendants violated federal criminal statutes.  Criminal statutes do not provide him with a private cause of action for damages.  ***See, e.g., Newcomb v. Ingle***, 827 F.2d 675, 676 n. 1 (10th Cir.1987) (recognizing that 18 U.S.C. § 241 is a criminal statute which does not provide for a private civil cause of action); ***see also Winslow v. Romer***, 759 F. Supp. 670, 673 (D. Colo. 1991) ("Private citizens generally have no standing to institute federal criminal proceedings.").

Moreover, Mr. Ozsusamlar was advised in the September 4 Order that this Court is not the proper venue to adjudicate his claim against Defendant Lindsay, the warden at MDC-Brooklyn, New York.  Defendant Lindsay resides outside the State of Colorado and the alleged unconstitutional conduct involving this Defendant occurred outside of Colorado.  *See* 28 U.S.C. § 1391.  Therefore, the claim against Defendant Lindsay is not properly before this Court and is subject to ***sua sponte*** dismissal.  ***See Trujillo v. Williams***, 465 F.3d 1210, 1217 (10th Cir. 2006).  Alternatively, the Court may exercise its discretion to cure jurisdictional and venue defects by transferring the claim to a district where venue is proper, if such a transfer is in the interest of justice.  ***Id***. at 1222-23 (citing 28 U.S.C. §§ 1406(a) and 1631).  However, the Court advised Mr. Ozsusamlar in the September 4 Order that transfer was not appropriate in this action because the claim against Defendant Lindsay is time-barred.

Third, Mr. Ozsusamlar must allege specific facts in the second amended complaint to show that each named Defendant personally participated in a deprivation

4

of his constitutional rights.  Personal participation is an essential element of a ***Bivens*** action. ***See Kite v. Kelley***, 546 F.2d 334, 338 (1976).  Plaintiff therefore must show that each named Defendant caused the deprivation of a federal right.  ***See Kentucky v. Graham***, 473 U.S. 159, 166 (1985).  Furthermore, a supervisor is only liable for a constitutional violation that he or she has caused. *See **Dodds v. Richardson***, 614 F.3d 1185, 1199 (10th Cir. 2010).  Accordingly, there must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise.  ***See Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993); ***see also Richardson***, 614 F.3d at 1200-1201 ("[D]efendant-supervisors may be liable under § 1983 [or ***Bivens***] where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy . . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting ***Rizzo v. Goode***, 423 U.S. 362, 371 (1976)).  Supervisors cannot be held liable merely because of their supervisory positions.  ***See Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986);  ***McKee v. Heggy***, 703 F.2d 479, 483 (10th Cir. 1983).  This is because "§ 1983 [and *Bivens*] do[ ] not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation."  ***Fogarty v. Gallegos***, 523 F.3d 1147, 1162 (10th Cir. 2008).   Again, Mr. Ozsusamlar must allege the facts showing each Defendant's personal participation in the same pleading in which he alleges the specific facts supporting his claims for relief.  Accordingly, it is

ORDERED that Plaintiff, Osman N. Ozsusamlar, file **within thirty days from the**

5

**date of this order,** a single pleading titled "Second and Final Amended Complaint" that complies with Rule 8 of the Federal Rules of Civil Procedure and otherwise conforms with the directives of this order and with the September 4, 2012 Order.  It is

FURTHER ORDERED that the Clerk of the Court shall mail to Mr. Ozsusamlar two copies of the court-approved Prisoner Complaint form.  It is

FURTHER ORDERED that if Plaintiff fails to file a Second Amended Complaint as directed within the time allowed, some or all of Plaintiff claims will be dismissed without further notice.

DATED November 26, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland_____
United States Magistrate Judge